UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80141-ROSENBERG

SARAH L. ALLENDORF,

   Plaintiff,

v.

HARBOR AMERICA EAST, INC.,
et al.,

   Defendants.

_____/

**ORDER GRANTING MOTION TO STAY DISCOVERY
AND ORDER REQUIRING AN AMENDED COMPLAINT**

**THIS CAUSE** comes before the Court upon the Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss. DE 22.  In the Motion to Stay Discovery, the Defendants request that the Court stay discovery in this case until the Court resolves the Defendants' Motion to Dismiss the Complaint and to Strike Plaintiff's Request for Attorneys' Fees [DE 16]. DE 22 at 8.  Subsequent to the filing of the Motion to Stay, however, the Plaintiff amended her complaint and thereby mooted out the Defendants' Motion to Dismiss.

Courts may stay discovery within their discretion.  "A stay of discovery is appropriate where the movant shows 'good cause and reasonableness.'" *Varga v. Palm Beach Cap. Mgmt., LLC*, No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (quoting *Bocciolone v. Solowsky*, No. 08–20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)).  A court may find good cause and reasonableness to stay discovery "when the resolution of a preliminary motion may dispose of the entire action," and the plaintiff propounds expansive discovery requests. *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*,

87 F. App'x 713 (11th Cir. 2003)). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).

Here, the Defendants argue that discovery should be stayed because the Court's resolution of the Motion to Dismiss would have disposed of the entire action and that the Plaintiff propounded expansive discovery requests. DE 22 at 5-7. In response, the Plaintiff argues that a stay of discovery is the exception, not the norm, and that her discovery requests are not disproportionate or duplicative. *Id.* at 4-5.

While the Court agrees with the Plaintiff that a stay of discovery is the exception and not the rule, it determines that a stay of discovery is appropriate in this case. The Plaintiff has propounded 177 requests for admission, which the Court deems to be significant in light of the facial insufficiency of the Plaintiff's Amended Complaint.

The Amended Complaint's facial insufficiency is due to the Plaintiff's naming of the Palm Beach Equine Clinic, a limited liability company, as a Defendant. DE 30 at 3. The Plaintiff does not allege the citizenship of the clinic's members as well-established case law requires. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Court finds it probable, however, that the members of the clinic are Florida residents as the Plaintiff alleges that the clinic's principal place of business is in Wellington, Florida. As the Plaintiff is also a resident of Florida,[1] the clinic's members may well eliminate the diversity jurisdiction of the Court.

---

[1] There is no diversity jurisdiction for "citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Stay is **GRANTED**, discovery in this case is **STAYED**, and the Plaintiff **SHALL FILE AN AMENDED COMPLAINT** that alleges the citizenship of the clinic's members.  The Plaintiff's amended complaint is due by April 5, 2023.  In the event the Plaintiff does not file an amended complaint that facially alleges subject matter jurisdiction, the Court may dismiss the Plaintiff's case without prejudice.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of March, 2023.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE